IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ABRAM ALLEN HEFLIN                                                                          PLAINTIFF
ADC #133051

V.                                         4:11CV00730 JLH/HDY

FAULKNER COUNTY
DETENTION CENTER *et al.*                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

1

>    hearing before the Magistrate Judge.
>
> 3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, a pre-trial detainee currently held at the Faulkner County Detention Center Unit 2, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on October 4, 2011. Sgt. Eric Woodward, a detention center guard, is the only defendant.[1] On August 6, 2012, Woodward filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #33-#35). Although Plaintiff has been granted additional time to respond (docket entry #36), he has not done so.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

---

[1] Plaintiff's claims against the Faulkner County Detention Center were dismissed with prejudice on November 1, 2011 (docket entry #12).

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, he slipped on water on the detention center floor, and sustained a cut to his head. Woodward responded, and used a rag or sock from the shower to clean the bleeding gash. Plaintiff claims he asked for a nurse, but was denied immediate care, and it took over an hour to get ibuprofen for the pain. Plaintiff asserts that he awoke the next day to dried blood on his face, was taken to see a nurse, and was cleaned and given a butterfly stitch. Plaintiff claims that he still has eye pain, headaches, and pain in his thumb, and believes Woodward's handling of the incident was unprofessional.

There is no allegation that Woodward somehow caused the injury, but rather that Woodward failed to provided adequate medical care. Although Plaintiff was a pre-trial detainee at the time the events giving rise to this complaint occurred, and his claims arose under the Fourteenth Amendment's due process clause, the same Eighth Amendment standards are applied to his inadequate medical care claims as those made by convicted inmates. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006). The Eighth Amendment's proscription of cruel and unusual

punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Woodward asserts that Plaintiff had no serious medical need, and even if he did, there was no deliberate indifference. In support of his claim, Woodward has provided his own affidavit, and those of nurses Nancy Bryant and Patricia Winter (docket entries #35-1-#35-3). The affidavits and their attachments reveal that Woodward was on duty on September 12, 2011, when he was called to address a medical issue with Plaintiff. Before he left to go to the scene, Woodward was aware that another officer was speaking to Bryant about the situation. Woodward arrived at the scene, obtained a cloth, wetted it in the shower, removed the blood from around the wound, and cleaned the wound with alcohol. A few minutes later, Woodward applied a bandage, and left to attend to other duties. Woodward returned two hours later, and Plaintiff had removed the bandage, refused to allow Woodward to tend to the cut, and demanded that a nurse be called. Because a nurse had already been informed of Plaintiff's vital signs, and her directions to clean the wound and provide pain reliever were followed, Plaintiff was told to put in a request to see the nurse the next day, and Woodward did not call the nurse again. Plaintiff was seen by a nurse the next day, where an exam revealed a one inch cut and slight swelling to the left eyebrow. Plaintiff was seen by a physician on September 15, 2011, where his skin and neurological exam was determined to be within normal limits.

Even assuming the cut was a serious medical need, there is no evidence that Woodward was

deliberately indifferent to that need. Woodward cleaned and bandaged the area, a nurse was called, and her instructions were followed. Woodward attempted to re-bandage the cut after Plaintiff removed the bandage, and Plaintiff saw a nurse the next day. There is no indication that Plaintiff's medical needs were not appropriately met, and the medical records do not give any indication that further treatment was indicated. Plaintiff has provided nothing in response to suggest that Woodward should have taken any actions other than those he did, nor has Plaintiff provided any evidence of any injury that resulted from Woodward's actions or inactions. Moreover, Plaintiff saw a nurse the day after the incident. At most, Plaintiff could possibly demonstrate that Woodward delayed medical care. However, Plaintiff has offered no evidence of any harm he suffered as a result of any delay. *See Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997) (when an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay). Accordingly Woodward's motion for summary judgment should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment (docket entry #33) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   7   day of September, 2012.

UNITED STATES MAGISTRATE JUDGE